IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD L. ARMSTRONG,

    Plaintiff,                                      No. CIV S-05-1481 RRB GGH P

    vs.

SHASTA COUNTY SHERIFF JIM POPE, et al.,

    Defendants.                         FINDINGS AND RECOMMENDATIONS

/

        By order filed on March 3, 2006, plaintiff's complaint was dismissed but he was granted leave to amend. By order filed on April 4, 2006, plaintiff was granted an extension of time to file an amended complaint. Subsequently, plaintiff filed a document he named "an amended complaint," and later filed a document he denominated a "supplemental addition to complaint," even though plaintiff had been cautioned not to continue to make piecemeal filings in this case. Neither of plaintiff's filings cures the defects of the previously dismissed original complaint and seven separately filed supplements or "addenda."

        As plaintiff has been informed previously, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

1

1  fail to state a claim upon which relief may be granted, or that seek monetary relief from a
2  defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989); Franklin, 745 F.2d at 1227.
10       A complaint, or portion thereof, should only be dismissed for failure to state a
11 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
12 of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
13 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
14 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
15 a complaint under this standard, the court must accept as true the allegations of the complaint in
16 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
17 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
18 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
19       Plaintiff was admonished, inter alia, that his prior piecemeal filings did not meet
20 even the very liberal standards of Fed. R. Civ. P. 8, which requires that complaints set forth (1)
21 the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim
22 showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only
23 "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever
24 v. Block, 932 F.2d 795, 798 (9th Cir. 1991).
25 \\\\\
26 \\\\\

In its prior order, the court also set forth, inter alia, the following:

> If plaintiff intends to make claims of excessive force violative of the Eighth Amendment against named defendants in the execution of his arrest, he should plainly do so. Should he intend to claim that he was deprived of adequate medical care, he should make that evident by specifying how he was so deprived and by whom. Should he seek to make a claim with respect to any alleged tampering or interference with his legal mail, plaintiff must do so in a coherent manner, identifying defendants as clearly as possible.

See Order, filed on 3/3/06, p. 5.[1]

Notwithstanding, plaintiff, in his putative amended complaint, states only that "defendants and the State of California" caused him injury by use of unreasonable force in the form of tazers and batons and denied plaintiff reasonable "medical attention and follow-up from June 6th through December 6th." Amended Complaint, p. 1. Plaintiff says nothing further to identify the defendants; he does not even identify the year of the purported events. He does not adequately set forth his allegations or link the allegations he does make to individual defendants. His supplemental filing concerns only a request that the court order for the payment of the filing fee for this action be rescinded. Plaintiff was cautioned in the prior order that in any amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The court will now recommend dismissal of this action. The court set out in some detail the defects of his earlier filings, yet plaintiff's putative amended complaint contains, if anything, more defects than the original myriad filings. Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). In addition to finding that it would be futile to provide plaintiff any further

---

[1] The court misidentified the Amendment at issue – it is the Fourth Amendment rather than the Eighth. However, this misidentification is immaterial to the deficiencies in plaintiff's filings.

1  opportunity to amend, the court also finds that plaintiff has failed to comply with the court's
2  order and should be dismissed pursuant to Local Rule 11-110 and Fed. R. Civ. P. 41(b).
3        Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.
4        These findings and recommendations are submitted to the United States District
5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
6  days after being served with these findings and recommendations, plaintiff may file written
7  objections with the court.  Such a document should be captioned "Objections to Magistrate
8  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
9  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
10 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
11 DATED: 11/7/06                      /s/ Gregory G. Hollows

                                      GREGORY G. HOLLOWS
                                      UNITED STATES MAGISTRATE JUDGE

GGH:009
arms1481.f&r