IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD L. ARMSTRONG,<br><br>    Plaintiff,<br><br>vs.<br><br>SHASTA COUNTY SHERIFF JIM POPE, <u>et al.</u>,<br><br>    Defendants. | No. 2:05-CV-1481-RRB-GGH P<br><br>**<u>ORDER</u>** |

Plaintiff Harold L. Armstrong ("Plaintiff"), a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On November 8, 2006, Magistrate Judge Gregory G. Hollows filed Findings and Recommendations (Docket No. 25) herein, which were served on Plaintiff and which contained notice to Plaintiff that any objections to the Findings and Recommendations were to be filed within twenty days.  Plaintiff has filed Objections to the Magistrate Judge's Findings and Recommendations at Docket No. 26,

ORDER DISMISSING PLAINTIFF'S ACTION - 1
2:05-CV-1481-RRB-GGH P

which themselves are difficult to read, vague, and non-responsive, and which do not provide reason to reject the Magistrate Judge's findings.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, the Court has conducted a <u>de novo</u> review of the relevant pleadings filed in this matter. Having carefully and thoroughly reviewed the same, the court finds the Magistrate's Findings and Recommendations (Docket No. 25) to be supported by the record and by proper analysis.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's November 22, 2006, request for the appointment of counsel is **DENIED**;

2. The Findings and Recommendations (Docket No. 25) filed November 8, 2006, are adopted in full; and

3. This action is **DISMISSED**.

ENTERED this 9th day of January, 2007.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's objections include an eleventh hour request for appointment of counsel. The United States Supreme Court has ruled that the district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. U.S. Dist. Court for Southern Dist. of Iowa</u>, 490 U.S. 296, 298 (1989). In certain circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the Court does not find the required exceptional circumstances; and, therefore, **DENIES** Plaintiff's request.

ORDER DISMISSING PLAINTIFF'S ACTION - 2
2:05-CV-1481-RRB-GGH P